PER CURIAM.
This uncontested disciplinary proceeding is before the Court upon the complaint of The Florida Bar, the conditional guilty plea of the respondent, and the report of the referee.
In response to The Florida Bar’s complaint, the accused attorney submitted a conditional guilty plea, making admissions to certain charges of misconduct in return for an agreement as to the disciplinary measure to be imposed. The responsible officials of The Florida Bar agreed to the terms of the conditional guilty plea and recommended its acceptance. Thereupon the referee accepted the plea, made findings of fact based on the admissions therein, and recommended imposition of the agreed disciplinary measure, a public reprimand.
Respondent became involved in a dispute with a former client, Mrs. Butler, concern *1086 ing the ownership of certain property and brought a civil action against her to recover the property. During the pendency of the lawsuit, respondent presented to Mrs. Butler what purported to be copies of two letters he said he had sent. One of the letters purportedly had been sent to the state attorney asking for an investigation and filing of criminal charges against Mrs. Butler for misappropriation of the property concerning which the civil action had been brought. The other letter purported to have been sent to Mrs. Butler’s former husband, suggesting to him that he might be able to have his alimony obligations reduced in view of Mrs. Butler’s changed financial circumstances, brought about by her receipt of the property about which the civil action had been brought. Respondent told Mrs. Butler that the letters had been sent. In fact, neither letter had been sent.
Based on the respondent’s admissions, the referee recommended that respondent be found guilty of violating article XI, rule 11.02(3)(a) of the former Integration Rule of The Florida Bar (commission of an act contrary to honesty, justice, or good morals) and the following provisions of the former Code of Professional Responsibility: Disciplinary Rule 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and Disciplinary Rule 7-105(A) (threatening to present criminal charges solely to gain an advantage in a civil matter).
As was stated above, the findings of misconduct were based on respondent’s conditional guilty plea, which was tendered as part of a consent judgment agreed to by The Florida Bar. The referee recommended discipline in accordance with the consent judgment, i.e., that the respondent be given a public reprimand.
We approve the report of the referee. We hereby reprimand attorney Robert P. Rosin for professional misconduct.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Robert P. Rosin for costs in the amount of $1,448.85, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.